**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **No. 22-299 (CKK)** |
| | ) | |
| **DONALD CHILCOAT,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SECOND MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant, Donald Chilcoat, through counsel, respectfully requests that the Court modify the conditions of release currently in place, by removing the condition that requires location monitoring and expanding his curfew to provide him greater work flexibility. Below are the reasons in support:

(1) On August 11, 2022, Mr. Chilcoat was arrested in Ohio on a complaint arising from allegations for conduct on January 6, 2021.

(2) On August 19, 2022, Mr. Chilcoat was released in Ohio on conditions of release, including home detention and location monitoring. *See* ECF No. 14.

(3) On August 23, 2022, Mr. Chilcoat appeared for an initial appearance in the District of Columbia before the Honorable Robin M. Meriweather, who also placed him on conditions of release, including home detention and location monitoring.

(4) Mr. Chilcoat was indicted on September 9, 2022, for one count of Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. §1512(c)(2) and, two counts of 18 U.S.C. §1752(a)(1) and (2), and three counts of 40 U.S.C. §5104(e)(2)(A), (D), and (G) . *See* ECF Dkt. No. 20.

(5) Given his compliance with these conditions, Mr. Chilcoat filed an unopposed motion on November 18, 2022, requesting that the Court remove home detention and location monitoring from his conditions of release as well as modifying his curfew. *See* ECF No. 27.

(6) On November 21, 2022, the Court granted his request in part and denied it in part, ordering that home detention be removed but that he remain on location monitoring and abide by a curfew of 9:00 pm – 5:00 am. *See* ECF No. 31.

(7) In the past several months since that modification of his release conditions, Mr. Chilcoat has continued to remain compliant. He has also obtained employment at Elm Co. Engineering. He has duel responsibilities both as a millwright worker and the other as a fabricator.[1] Currently, he has not been able to take on many millwright jobs because the hours can be unpredictable, often involving travel within the State of Ohio to different job sites. Even when the job does not require travel, there are times that millwright workers must work overtime when unexpected events arise at the construction site. At this time, he is just able to do fabrication work because it has more predictable hours and it is the only way to ensure he is in compliance with his current conditions of release. Mr. Chilcoat's main profession is a millwright worker and he would like to be able to continue with that work.

(8) In addition, Mr. Chilcoat must wear work boots that cause his location monitoring bracelet to be very uncomfortable around his ankle. Given the fact that his job involves manual labor, it has caused him a lot of discomfort to have to wear the

---

[1] A millwright is a craftsperson who installs, dismantles, maintains, repairs, reassembles, and moves machinery in factories, power plants, and construction sites. Fabrication work entails using semi-finished or raw materials to make something from start to finish.

location monitoring bracelet.

(9) Lastly, Mr. Chilcoat's full compliance with his conditions of release show he is not a

risk of non-appearance and his compliance shows he will continue to appear for all

court proceedings. Furthermore, his co-defendant, Shawndale Chilcoat, is currently

not subject to any location monitoring or curfew. *See* ECF No. 12.

(10)   For all of the reasons discussed above, Mr. Chilcoat respectfully requests that the

Court lift the condition that he abide by location monitoring and that the Court

modify his current curfew by ordering that he abide by a curfew from 10:00 pm –

3:30 am. If Mr. Chilcoat takes jobs that require driving to other cities in Ohio, it can

take a couple hours to drive to the construction site and then a couple hours to drive

back home. Extending the curfew will ensure he has enough time to drive to work

and back home on the days he travels to different cities to work on different

construction sites.

## <u>Conclusion</u>

For these reasons, Mr. Chilcoat respectfully requests that the Court grant this motion to

modify conditions of release by removing the condition that he be subject to location monitoring

and replace it with a condition that he abide by a new curfew from the hours of 10:00 pm – 3:30

am.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____

Maria N. Jacob
D.C. Bar No. 1031486
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500
Maria_Jacob@fd.org