UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>   v.<br><br>DONALD CHILCOAT,<br><br>   Defendant. | Criminal Action No. 22-299-2 (CKK) |

**ORDER**
(February 22, 2023)

Pending before the Court is Defendant DONALD CHILCOAT (2)'s [50] Second Motion to Modify Conditions of Release. Defendant asks the Court to "remov[e] the condition that requires location monitoring and expand[] his curfew to provide him greater work flexibility." ECF No. 50 at 1.

Defendant explains that since the Court granted his last Motion to Modify Conditions of Release, *see* ECF No. 31, he has obtained employment at Elm Co. Engineering in roles of both millwright and fabricator. ECF No. 50 at 2. Defendant contends that because the hours are unpredictable and jobs often require travel throughout Ohio, he has not been able to take many millwright jobs due to his conditions of release. *Id.* Defendant therefore requests that the Court modify his current curfew by ordering that he abide by a curfew from 10:00 pm – 3:30 am. *Id.* at 3. Defendant's current curfew is 9:00 pm – 5:00 am. *See* ECF No. 31. Additionally, Defendant explains that he wears work boots that cause his location monitoring bracelet to be uncomfortable around his ankle, which is exacerbated as he works in manual labor. ECF No. 50 at 2. Defendant therefore requests that the Court modify his conditions of release to lift the condition that he abide by location monitoring. *Id.* at 3.

The Government opposes Defendant's Motion as it relates to the removal of the location monitoring condition. *See generally* ECF No. 51. The Government argues that "slight discomfort is not sufficient justification to warrant removal of the condition altogether." *Id.* The Government also opposes Defendant's Motion to change his curfew to 10:00 pm – 3:30 am. *Id.* at 3. In the Court's [31] Order, the Court previously granted Defendant's Motion to Modify Conditions of Release by releasing him from home detention in order to find employment; at that time the Court added a curfew to Defendant's conditions of release. *See id.*; *see also* Order, ECF

No. 31.  Now, the Government argues that Defendant's request for "additional flexibility… [of] 18.5 hours a day in total [] is unreasonable."  ECF No. 51 at 3.  However, the Government indicates that it does not oppose a curfew of 9:00 pm – 4:00 am.  *Id.*

Pretrial Services similarly opposes Defendant's Motion.  They indicate that "given the nature and seriousness of the charges presented," they do not recommend lower levels of supervision and that removal from location monitoring would be a reduction in supervision.  ECF No. 52 at 2.  Pretrial Services also "requests the defendant remain on a curfew while this case is pending."  *Id.*

All parties acknowledge that Defendant is, to date, compliant with his conditions of release.  However, compliance alone is not grounds to modify conditions of release.

For the reasons explained above, it is hereby ORDERED that the [50] Second Motion to Modify Conditions of Release as to DONALD CHILCOAT (2) is GRANTED IN PART and DENIED IN PART.  It is ORDERED that the [15] Order Setting Conditions of Release as to DONALD CHILCOAT (2) is AMENDED as follows:

Defendant DONALD CHILCOAT (2) remains subject to curfew; he is restricted to his residence every day from 9:00 pm to 4:00 am.

The Court DENIES IN PART the [50] Motion to the extent that it seeks to lift the condition of location monitoring.  Defendant DONALD CHILCOAT (2) remains subject to location monitoring as set forth in the [15] Order Setting Conditions of Release.

**SO ORDERED.**

 /s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge