UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                             )<br>)<br>DONALD CHILCOAT,                )<br>)<br>Defendant.             )<br>_____) | No. 22-299 (CKK) |

## RESPONSE TO GOVERNMENT'S PROPOSED PRETRIAL SCHEDULING ORDER

Defendant, Donald Chilcoat, through counsel, respectfully submits this response to the government's filing on August 29, 2023, ECF No. 66, in order to clarify counsel's position regarding her availability for a trial in this matter.

The parties have spent the last week conferring regarding potential trial dates with the hope of submitting a joint proposed pretrial scheduling order pursuant to the Court's request on July 28, 2023. In aspiring to do so, counsel for Mr. Chilcoat drafted a proposed order and provided it to all parties. Given counsel for Mr. Chilcoat's schedule and other trial dates/conflicts, the proposed order contemplates a trial date of June 10, 2023 and has deadlines as early as October of this year. In response, government counsel expressed its disagreement in setting a trial date out so far out. Government counsel inquired into counsel for Mr. Chilcoat's availability for the months of December, January, February, and March, and April. In response, counsel for Mr. Chilcoat advised the government that she is

1

unavailable in February and March and that she is unavailable in January because she has a murder trial that will take that entire month. *See United States v. Brown*, 1:23-cr-079 (RBW). Preparation for the month long murder trial will undoubtedly make counsel for Mr. Chilcoat unavailable in December of 2023. Furthermore, counsel has another January 6 trial in October of 2023, and in November of 2023. In addition, at the last hearing, the Court also noted that we would be looking at next year for trial given its availability at this point.

Although counsel for Mr. Chilcoat did not specify in detail her reasons for not being available in February and March, there are real conflicts in those months that lead her to be unavailable. It would not be advisable nor would be effective representation of Mr. Chilcoat to schedule a trial in February after being in a month long murder trial. Trial requires much preparation and meeting of pre-trial deadlines that are important and counsel would be unable to meet these deadlines while in the middle of a murder case. In addition, counsel plans on taking three weeks of leave in March for a personal matter.

Counsel is potentially available in April 2024 or May 2024. However, in order to provide full and effective representation of Mr. Chilcoat, counsel proposed a June date so that she can ensure that Mr. Chilcoat has counsel that is able to prepare for his trial by doing everything possible for his defense. Counsel for Mr. Chilcoat also proposed this date because she anticipates that one of her *in custody* clients will be requesting a trial date in April/May. *See United States v. Steffon Frazier*, 1:21-cr-255 (ABJ).

So while the government suggests that counsel has "generally" stated her unavailability, there are real conflicts in her schedule and she has just not haphazardly suggested a date far out for the purposes of delay. The government, in its filing, conveniently cites the Speedy Trial Act and its interests in prosecuting this case in an expeditious manner.[1] However, the government forgets that when it brought hundreds of January 6 cases all at once in 2021, that it furiously asserted the opposite and demanded long exclusions of time so that it could sort through the massive amounts of discovery and prepare for its prosecutions. Repeatedly in its requests for exclusions of time, it would note the massive amount of discovery in these cases. Now, the government says this particular case is "straightforward." Further, it expects the defense, in every case, to be miraculously as "up to speed" as they are with the continuous voluminous discovery despite the complete disparity in resources between the DOJ and the Office of the Federal Public Defender. While the government has every resource at its disposal, including an entire unit and detailees dedicated to these prosecutions, our office has trial lawyers doing the best they can to manage January 6 cases and every other equally serious case that comes through the door. Our office does not have a separate unit that is dedicated to these cases and certainly does not have multiple paralegals dedicated to just January 6 cases. The government should also have an interest in counsel providing effective representation to these defendants and that should

---

[1] Notably, the government did not propose a plea offer in this case until the summer of 2023, very recently.

3

supersede any minimal interest it has under the Speedy Trial Act.

Lastly, the government flippantly suggests that this is a "straightforward" case. Discovery aside, there is no such thing as a straightforward January 6 case. Ever since the start of these prosecutions, there has been countless litigation over many issues, some of which remain pending. Mr. Chilcoat is also entitled to participate in this litigation. While this case may be straightforward for the government, it certainly is not for the 900+ defendants who have been charged and who continue to engage in litigation of first impression – causing counsel to spend immense periods of times navigating through tough issues.

In conclusion, Mr. Chilcoat respectfully requests that the Court consider all of these factors and find that the proposal for a trial date in June of 2023, is not for the purposes of delay and rather for good cause.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
Maria N. Jacob
D.C. Bar No. 1031486
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500
Maria_Jacob@fd.org