UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>DONALD CHILCOAT, )<br>)<br>Defendant. )<br>) | No. 22-299 (CKK) |

### MOTION FOR RELEASE FROM CUSTODY

Defendant, Donald Chilcoat, through counsel, respectfully requests that the Court release Mr. Chilcoat on the same conditions of release that he was under prior to his arrest on October 11, 2023, pursuant to the warrant issued by this Court.

On August 11, 2022, Mr. Chilcoat was arrested in Ohio on a complaint arising from allegations for conduct on January 6, 2021. On August 19, 2022, Mr. Chilcoat was released in Ohio on conditions of release, including home detention and location monitoring. *See* ECF No. 14. On August 23, 2022, Mr. Chilcoat appeared for an initial appearance in the District of Columbia before the Honorable Robin M. Meriweather, who also placed him on conditions of release, including home detention and location monitoring as well as a curfew restriction.

Mr. Chilcoat was indicted on September 9, 2022, for one count of Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C.

1

§1512(c)(2) and, two counts of 18 U.S.C. §1752(a)(1) and (2), and three counts of 40 U.S.C. §5104(e)(2)(A), (D), and (G) . *See* ECF Dkt. No. 20. Mr. Chilcoat's conditions of release over the last year have been modified slightly and other than this failure to appear, Mr. Chilcoat's compliance with conditions has been perfect.

After an entire year of Mr. Chilcoat being in perfect compliance with his conditions of release and being full-time employed, he was arrested after failing to appear for a scheduled in person hearing on September 5, 2023. Prior to that hearing, the Court received a filing from Shawndale Chilcoat, Donald Chilcoat's wife and co-defendant, moving to vacate the upcoming status hearing noting a concern that the Court did not have authority to conduct a remote hearing. Based on that filing, the Court changed the status conference from a zoom hearing to an in person hearing. Unfortunately, undersigned counsel was not able to contact Mr. Chilcoat to advise him of this change or the fact that the Court had issued a bench warrant following the hearing. Based on an outstanding warrant being issued, Mr. Chilcoat was arrested at his home on October 11, 2023. He never fled and continued to reside at this location and continued his employment.

Since then, Mr. Chilcoat has been incarcerated at a few different facilities for approximately 60 days. First, he was incarcerated at the Toledo County Jail for approximately two weeks. He was then transferred to a facility in Michigan, then to Oklahoma, and finally to the Correctional Treatment Facility in D.C. where he has been for a few weeks. After speaking with Mr. Chilcoat recently, it is clear that he does not believe that the Court does not have jurisdiction over his case and he is

committed to appearing before this Court for all future proceedings.

Prior to his arrest, Mr. Chilcoat was still working full-time. Also prior to his arrest, Mr. Chilcoat was dealing with a family emergency in which he had to take custody of his twin 15 year old nephews because their single mother was incapacitated. In fact, it was the week of September 5th that Mr. Chilcoat had to appear at the Mercer County Court in Ohio to request custody from a family court judge. Undersigned counsel has verified these details with Mr. Chilcoat's son, Kyle Chilcoat, who now has temporary custody of the children in light of his father being arrested. In addition, Mr. Chilcoat was caring for his sick mother who he believes will succumb to her illness soon. He is afraid that he will be incarcerated when she passes and that he will not be able to see her prior to that and attend her funeral as well as take care of her affairs.

If released, Mr. Chilcoat will resume his employment and resume his custody of his nephews. He will also appear for all future court proceedings. He respectfully requests that the Court accept his remorse for his failure to appear at the last hearing and asks that the Court understand the tough circumstances he was under during the week of his failure to appear – as well as his lack of contact with counsel. Mr. Chilcoat also asks the Court to consider the fact that he did not flee and rather was at his home when he was arrested. Lastly, Mr. Chilcoat requests that the Court consider his year of perfect compliance on pre-trial

3

release.[1] He is not a flight risk and rather lives a simple life where he works full-time and where his family members rely upon him. The past 60 days has been extremely challenging, being transferred from facility to facility to be transported to D.C. on the Court's warrant. Mr. Chilcoat is deterred from any future failures to appear and respectfully asks that this Court grant his motion for release.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____

Maria N. Jacob
D.C. Bar No. 1031486
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500
Maria_Jacob@fd.org

---

[1] "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). "Our system of criminal justice embraces a strong presumption against detention." *United States v. Hanson*, 613 F.Supp.2d 85, 87 (D.D.C. 2009).