UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 22-299 (CKK) |
| ) | |
| DONALD CHILCOAT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## REPLY IN FURTHER SUPPORT OF DONALD CHILCOAT'S MOTION FOR RELEASE FROM CUSTODY

Defendant, Donald Chilcoat, through counsel, respectfully submits this reply to the government's opposition (ECF No. 82) in further support of his request that the Court release him after being incarcerated for 69 days.

The government, in its opposition, eagerly points out the obvious which has already been conceded – and that is that Mr. Chilcoat made a mistake when he failed to appear before the Court and when he violated his pre-trial release conditions. However, that does not mean that the Court must detain him pending trial after he has already been sanctioned for this violation by serving 69 days' incarceration. The Court, rather, should release Mr. Chilcoat as many other courts have done after pre-trial release violations - especially in this matter where Mr. Chilcoat did have a stable and consistent record of compliance prior to his failure to appear, did not flee, and was arrested in the same home he has been residing for the past year.

1

In addition, Mr. Chilcoat has served more than two months of incarceration already, which has deterred him future noncompliance. Lastly, based on the recent Supreme Court decision to grant review of the sole felony charge to which Mr. Chilcoat faces, further incarceration could very well exceed the Court's imposition of sentence on the misdemeanor charges if the Supreme Court finds the felony charge to be invalid.

Mr. Chilcoat's past compliance on pre-trial release is not simply erased because he has made a mistake to which he clearly acknowledged and has learned from. In fact, every pre-trial update positively reported his perfect compliance up until the incident in question. *See* ECF No. 25 (pre-trial services reporting perfect compliance), ECF No. 47 (same),  ECF No. 52 (pre-trial services reporting perfect compliance but requesting levels of supervision to remain the same), ECF No. 54 (same), ECF No. 56 (same), ECF No. 59 (same), ECF No. 68 (same). Now that Mr. Chilcoat has violated his pre-trial release conditions and been incarcerated for 69 days as a sanction, the Court can fashion new conditions of release that take into account his violation yet acknowledge the fact that Mr. Chilcoat is not a flight risk nor is he a danger to the community.

The government's "one strike you are out" approach is not supported by the law nor is it supported by past cases where defendants violated pre-trial release yet were permitted to remain on release with modified conditions.[1] The Bail Reform Act

---

[1] *See United States v. John Andries*, 21-cr-93 (RC) (defendant violated pre-trial release with re-arrest on new charges and Court modified conditions of release to include curfew, GPS monitoring, and alcohol/drug testing); *United States v. Henos Woldemichael*, 22-mj-206 (GMH) (defendant violated GPS conditions but still remained on pre-trial release with modified conditions); *United States v. Glenn Bass, Jr.*, 21-cr-448 (TJK) (defendant was

2

requires release when the Court determines that the government has not met its burden to show by clear and convincing evidence that a defendant is a danger to the community and by a preponderance of the evidence that the defendant is a risk of flight. 18 U.S.C. § 3142. This analysis cannot be forgotten simply because there has been a violation of pre-trial release.

     Mr. Chilcoat is clearly not a danger to the community and the government does not argue such. Further, the government has failed to establish that Mr. Chilcoat is a *future* risk of non-appearance. The government's only argument is that because he violated before, he should be detained pending trial. This argument ignores the Bail Reform Act and ignores the fact that Mr. Chilcoat was arrested in his home and did not flee. This argument also ignores the fact that Mr. Chilcoat has already been severely sanctioned for his violation by being incarcerated for 69 days. This sanction has been more than sufficient to deter any future non-compliance. The government is essentially requesting that the Court punish Mr. Chilcoat by incarcerating him for several additional months until a trial is scheduled because he violated his conditions of release with no justification as to why that is necessary or appropriate. This request is at odds with the presumption for release under the Bail Reform Act or prior cases where defendants violated pre-trial release and were sanctioned but placed back on modified conditions of release.

---

violated for being a loss of contact but court modified conditions of release to include HISP monitoring and third party custodian); *United States v. Quante Wiggins*, 23-cr-109 (JEB) (defendant violated pre-trial release by testing positive for cocaine but was not held pending trial and is now in compliance).

Lastly, Mr. Chilcoat does not wish to set a speedy trial date in light of the pending Supreme Court review in *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023). This decision will have a significant impact on the sole felony charge that Mr. Chilcoat faces. The question presented in *Fischer* is: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" *See* Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed September 11, 2023). Thus, resolution of *Fischer* will directly impact the validity of the most serious charge against Mr. Chilcoat. Proceeding to trial could potentially prejudice him should the Supreme Court resolve *Fischer* in the defendant's favor. It will also involve the expenditure of judicial resources that ultimately may prove to have been unnecessary based on *Fischer*'s outcome.[2]

In addition, if Mr. Chilcoat remains incarcerated pending trial, and *Fischer* is resolved in his favor, he will have served potentially more time on misdemeanor charges than the Court's sentence after a guilty plea on misdemeanor charges. Therefore, in the interests of fairness and judicial economy, Mr. Chilcoat respectfully requests the Court to consider these circumstances as well as his past

---

[2] The government's sole plea offer in this case would require Mr. Chilcoat to enter a guilty plea to 18 U.S.C. § 1512(c)(2) – a charge that may prove to be invalid six months from now. Mr. Chilcoat has made it clear from the start that he would consider a plea to any of the misdemeanor charges.

compliance, his remorse for his violation, and his sanction of 69 days of incarceration that has deterred him from future non-compliance.

        Respectfully submitted,

        A. J. KRAMER
        FEDERAL PUBLIC DEFENDER

          /s/
        _____

        Maria N. Jacob
        D.C. Bar No. 1031486
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Suite 550
        Washington, D.C.  20004
        (202) 208-7500
        Maria_Jacob@fd.org