UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.         ) | No. 22-299 (CKK) |
| ) | |
| DONALD CHILCOAT, ) | |
| ) | |
| Defendant.  ) | |
| ) | |

**MOTION TO SEVER DEFENDANTS**

Defendant, Donald Chilcoat, through counsel, respectfully moves this Court, pursuant to Fed. R. Crim. P. 8(b), Rule 14, and other applicable law, to sever his trial from his co-defendant, Shawndale Chilcoat's, trial.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Chilcoat, along with co-defendant, Shawndale Chilcoat, were indicted for one count of Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. §1512(c)(2) and (2), three counts of 18 U.S.C. §1752(a)(1)(2), and (4), and three counts of 40 U.S.C. §5104(e)(2)(E) and (F), and (e)(2)(A). *See* ECF Dkt. No. 53. On April 4, 2024, the government obtained a superseding indictment adding two new felony charges for Failure to Appear in violation of 18 U.S.C. § 3146(a)(1). ECF No. 109. This matter is currently set for a jury trial on July 15, 2024.

These charges are based on allegations arising out of the events on January

1

6, 2021. The government accuses both defendants of unlawfully entering the United States Capitol building with the intent to obstruct the certification of 2020 election. However, most of the government's evidence – especially with respect to the felony obstruction count – is based on evidence of Shawndale Chilcoat's involvement separate and apart from Donald Chilcoat.

According to the Statement of Facts alleged by the government, a tipster submitted an online tip alerting authorities that Shawndale Chilcoat had posted and then deleted videos of her inside the Capitol building and messages implicating her intent to storm Congress. ECF No. 1-1, at 2. Two more tipsters alerted authorities of the same – that based on Shawndale Chilcoat's Facebook posts – they were able to identify her and Donald Chilcoat in photographs and videos of them inside the Capitol building. The third tipster provided the link to her Facebook page. *Id.*

Based on this information, the government was able to recover the deleted videos and posts of Shawndale Chilcoat and find CCTV footage from inside the Capitol showing Mr. Donald Chilcoat essentially following his wife into the building and then into the Senate Chamber. *Id*. at 6-7. While some photographs are later found on Mr. Chilcoat's Facebook account, the statements regarding Shawndale Chilcoat's activities at the Capitol building can only be attributed to her and not Mr. Chilcoat. For example, on January 7, 2021, Shawndale Chilcoat wrote, in part: "We were just trying to stop them from certifying the votes…" *Id*. at 10. On January 6, 2021, a video of Shawndale Chilcoat captures her saying, "I'm

right at the top of congress…we're going to show them how they need to vote today." *Id*. While the government located a few statements from Mr. Chilcoat, none of them indicate an intent to stop the vote.

## ARGUMENT

These co-defendants are improperly joined. There is a real danger that the jury will be confused by a joined trial and fail to consider the evidence against Mr. Chilcoat separately from Shawndale Chilcoat. Any government concerns of judicial economy are substantially outweighed by the prejudice that will result to Mr. Chilcoat if a joint trial occurs.

### I. The defendants are improperly joined under Rule 8(b)

Rule 8 of the Federal Rules of Criminal Procedure permits joinder of defendants *only* if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). To properly join defendants in this District, the government must sufficiently demonstrate "the existence of a common scheme or plan spanning both transactions *and* both defendants." *United States v. Perry*, 731 F.2d 985, 991 (D.C. Cir. 1984) (emphasis added).

### A. There is an insufficient nexus to support the joinder of Mr. Chilcoat to Mrs. Chilcoat, especially with respect to 18 U.S.C. § 1512 (c) (2).

It is settled law that each defendant must be logically relevant to each of their co-defendants and that our system does not tolerate or invite "mass trial by conduct" as that "way lies the drift toward totalitarian institutions." *Kotteakos v.*

*U.S.*, 328 U.S. 750, 773 (1946). In *Kotteakos*, the Supreme Court reversed a conviction based on improper joinder of the defendant to others in a fraud conspiracy when the only nexus among them "lies in the fact that one man participated in all." *Id*. It is also well settled D.C. Circuit law that there must be a logical relationship between the acts or transactions. *See Perry*, 731 F.2d at 990; see also *United States v. Jackson*, 562 F.2d 789, 796 (D.C. Cir. 1977) ("[I]f acts were part of a common scheme or plan, or connected together, they could be regarded as a series.").

As an initial matter, simply because Donald Chilcoat and Shawndale Chilcoat are married and were present at the Capitol building together does not mean that Mr. Chilcoat was part of Shawndale Chilcoat's alleged plan to stop the vote count. Therefore, the government cannot rely on his mere presence with his wife to allege that there was a common scheme or plan. There is no evidence that Mr. Chilcoat joined a common scheme or plan to obstruct an official proceeding and the government cannot rely on his co-defendant's statements to impugn intent to another person.

Because Mr. Chilcoat's alleged actions were separate from his wife's actions, these parties are improperly joined. In *Jackson*, the D.C. Circuit court agreed that the defendants' presence at the approximate time and place of the alleged crime was insufficient for joinder when the government failed to establish any logical link between the two offenses. *Jackson*, 562 F.2d at 797. Similarly, the government here has not established a logical link connecting Mr. Chilcoat's alleged intent to

4

obstruct an official proceeding with that of his wife's alleged intent.

> II. **Even if the Court finds that joinder is appropriate, the Court should still sever Mr. Chilcoat's trial from his co-defendant's trial to protect his substantive rights.**

Rule 14(a) makes it clear that the court may sever the defendants' trial if "the joinder of offenses in an indictment…appears to prejudice a defendant." Fed. R. Crim. P. 14(a). The Supreme Court has observed that severance of properly joined defendants is appropriate where, as here, there the dangers for "transference of guilt from one defendant to another…are so great that no one can really say prejudice to a substantial right has not taken place." *Kotteakos*, 328 U.S. at 750; *See also Nicely*, 922 F.2d at 853 (there are definite limits to what the government can put together in a single indictment). The D.C. District Court reiterated the Supreme Court's concerns that this risk is "heightened" when, for example, "many defendants are tried together…and they have markedly different degrees of culpability." *United States v. Franklin*, 2005 WL 8157514 *2 (D.D.C. Dec. 16, 2005) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). In *Franklin*, the district court also observed the D.C. Circuit's instruction that severance is required when "evidence against one defendant is far more damaging than the evidence against the other defendants." *Id.* at *3 (quoting *United States v. Halliman*, 923 F.2d 873, 884 (D.C. Cir. 1991)).

There is no doubt here that Shawndale Chilcoat's allegations and evidence against her bear a far greater degree of culpability than for Mr. Chilcoat. Shawndale Chilcoat not only allegedly made many post January 6 statements on

5

social media regarding her intent to storm congress and influence the vote, she is also captured on video outside of the Capitol building announcing this same alleged intent. In contrast, the evidence against Mr. Chilcoat does not contain these types of statements and there are also pieces of evidence provided in discovery that indicate Mr. Chilcoat was hesitant to go inside the Capitol building.

The joinder of these defendants would prejudice Mr. Chilcoat because it would be difficult for the jury to compartmentalize the evidence against each of them to judge independently. *Franklin*, 2005 WL 8157514 *3 (the critical question is "whether a jury could reasonably compartmentalize the evidence introduced against each defendant.") (quoting *Halliman*, 923 F.2d at 884). Mr. Chilcoat would not receive a fair trial if joined with his wife because the evidence against her, would have a "spillover" effect causing the jury to implicate Mr. Chilcoat (especially given their marital status) and would "prevent the jury from making a reliable judgment about [his] guilt or innocence." *Id*. at *15 (quoting *Zafiro*, 506 U.S. at 539).

In *Kotteakos*, the Supreme Court applied these principles and recognized the danger of prejudice where joinder has the tendency to falsely amplify the scope of criminal culpability. *Kotteakos*, 328 U.S. at 773. The Court further held that the trial court's caution to the jury "to consider each defendant's case separately" was not enough to mitigate the error, because it permeated the atmosphere throughout the entire trial. *Id*. at 769-70. Finally, the Court rejected the government's argument that joinder efficiencies can override concerns about prejudice:

6

> True, this may be inconvenient for the prosecution. But our government is not one of mere convenience or efficiency. It too has a stake, with every citizen, in his being afforded our history individual protections, including those surrounding criminal trial.

*Id.* at 773. There is a grave danger here that the jury will associate each defendant with the alleged collective conduct, especially when the allegations against another co-defendant are much stronger than the ones against Mr. Chilcoat. Every defendant is presumed innocent until/if proven guilty and Mr. Chilcoat has a right to a fair trial where the jury will consider the evidence only against him instead of listening to misleading and logically irrelevant evidence that would only tend to improperly amplify his charges.

## Conclusion

For these reasons, this Court should not permit Mr. Chilcoat to be joined with his wife, Shawndale Chilcoat.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____

Maria N. Jacob
Elizabeth A. Mullin
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500
Maria_Jacob@fd.org

7