UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>SHAWNDALE CHILCOAT and<br>DONALD CHILCOAT,<br><br>    Defendants. | Criminal Action No. 22-299 (CKK) |

**MEMORANDUM OPINION**
(May 1, 2024)

This Opinion addresses two issues raised by Joseph McBride's potential representation of Defendants Shawndale and Donald Chilcoat.

On April 15, 2024, Attorney McBride entered notices of appearance to appear as counsel for both Defendants. *See* ECF Nos. 127, 128. Shortly thereafter, the Court received the [129] Motion to Withdraw by Michael Lawlor and Nicholas Madiou, as counsels for Defendant Shawndale Chilcoat, and the [130] Motion to Withdraw by Maria Jacob and Elizabeth Mullin, as counsels for Defendant Donald Chilcoat. The Court informed the parties that it would be scheduling a hearing to determine whether there is a conflict with Attorney McBride representing both defendants pursuant to Federal Rule of Criminal Procedure 44(c). *See* Minute Order, Apr. 16, 2024. Then, in a [131] Notice filed on the docket, Attorney McBride informed the Court that he "cannot meet the demands of the current schedule" for numerous reasons.

The Court held a hearing in this case on April 30, 2024 to conduct the necessary inquiry under Federal Rule of Criminal Procedure 44(c) as well as inquire into the parties' readiness to proceed to trial on the currently scheduled date of July 15, 2024. This hearing was conducted via Zoom videoconference with Defendants' consent. The Court addresses these two issues in turn.

1

## I.      Conflict Under Federal Rules of Criminal Procedure 44(c)

According to Federal Rule of Criminal Procedure 44, "joint representation occurs when (A) two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13; and (B) the defendants are represented by the same counsel, or counsel who are associated in law practice." Fed. R. Crim. P. 44(c)(1). This issue is raised here, as Attorney McBride is seeking to represent both Defendants, who have been charged jointly under Rule 8(b). The rule continues that "[t]he court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel." *Id.* 44(c)(2). The Court conducted such an inquiry at the hearing on April 30, 2024.

The Court began by eliciting information from the potential new defense counsel and existing defense counsels.

Attorney McBride indicated that he had not received discovery; because he has not yet been accepted by the Court as an attorney representing both Defendants, he did not request formal discovery from Government counsel nor existing Defense counsels. Without discovery, he has not developed a fulsome defense theory. However, he has engaged in some preliminary discussions with current defense counsels, primarily regarding scheduling and outstanding motions and deadlines. He has not met with Shawndale nor Donald Chilcoat in person but has had conversations with them. Attorney McBride indicated that both Defendants signed waivers on April 17, 2024. These waivers state that:

> These two defendants have entered an attorney-client-protected Joint Defense Agreement (JDA) to advance their common interests. There is no conflict present.

2

> Neither party anticipates any foreseeable future conflict. Both parties explicitly waive any conflict in favor of their common interests in proceeding jointly. Both parties have been fully advised regarding the risks of being jointly defended. Both parties have been fully informed of their rights to effective assistance of counsel and to be represented separately. After fully considering the above, both parties waive any conflict and wish to proceed by being jointly represented.

ECF No. 131 at 1.[1]

Attorney Lawlor, who currently represents Shawndale Chilcoat, indicated that he has spoken with Attorney McBride. Attorney Lawlor expressed that, while there is always a theoretical conflict with joint representation, as Rule 44(c) contemplates, he does not see any apparent conflict based on the discovery he has reviewed, including any apparent conflict that would prejudice Shawndale Chilcoat. He continued that to the extent that there could be a conflict, Shawndale Chilcoat waives such conflict.

Attorney Mullin, who currently represents Donald Chilcoat, indicated that she has not spoken with Attorney McBride, but that her co-counsel Maria Jacob has spoken to him. Their position is, like Attorney Lawlor, while there is a theoretical conflict, they do not see any particular conflict or prejudice if there is joint representation. Attorney Mullin also acknowledged that Donald Chilcoat waives any potential conflict.

The Court then ordered the Government to present a brief summary of evidence on the record to apprise all parties. Government counsel Ashley Akers did so.

Next, the Court conducted inquiries of each Defendant individually and outside the presence of co-Defendant, co-Defendant's current counsel, and Government counsel.

First, the Court conducted an inquiry of Defendant Donald Chilcoat only in the presence of his counsel, Attorney Mullin, and his potential future counsel, Attorney McBride. Defendant

---

[1] At the hearing, the Court ordered that Attorney McBride file this signed waiver on the docket as a separate filing. The Court orders Attorney McBride to do so by May 6, 2024.

Donald Chilcoat repeatedly provided knowing, intelligent, and voluntary consent to joint representation by Attorney McBride and knowingly, intelligently, and voluntarily waived any potential conflict.

The Court next conducted an inquiry of Defendant Shawndale Chilcoat only in the presence of her counsel, Attorney Lawlor, and her potential future counsel, Attorney McBride. Defendant Shawndale Chilcoat repeatedly provided knowing, intelligent, and voluntary consent to joint representation by Attorney McBride and knowingly, intelligently, and voluntarily waived any potential conflict.

The Court then resumed the hearing with all parties and counsels present. The Court asked Defendant Donald Chilcoat about his pending [117] Motion to Sever, which was filed by current counsels, Attorneys Jacob and Mullin. This Motion argues that Donald Chilcoat and Shawndale Chilcoat were improperly joined under Federal Rule of Criminal Procedure 8(b), and that they should be severed at trial, as "Shawndale Chilcoat's allegations and evidence against her bear a far greater degree of culpability than for Mr. Chilcoat," and therefore "[t]he joinder of these defendants would prejudice Mr. Chilcoat." ECF No. 117 at 5–6. The Court explained the arguments in this Motion and the alleged potential for prejudice to Defendant Donald Chilcoat. Defendant Donald Chilcoat stated that he understood this and would waive the issue. Attorney McBride indicated that if accepted as new counsel for both Defendants, the [117] Motion to Sever would be withdrawn. Defendant Donald Chilcoat confirmed his understanding and acceptance of this.

Like other constitutional rights, "the Sixth Amendment right to conflict-free representation is subject to knowing and voluntary waiver." *United States v. Lopesierra–Gutierrez*, 708 F.3d 193, 200 (D.C. Cir. 2013). However, a court has "substantial latitude in refusing waivers of conflicts

4

of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Wheat v. United States*, 486 U.S. 153, 163 (1988). "[W]here a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver [of the conflict], and insist that defendants be separately represented." *Id.* at 162.

Here, in an exercise of its discretion and after thorough and lengthy inquiries pursuant to Rule 44(c), the Court finds that Defendants Shawndale and Donald Chilcoat have each provided knowing, intelligent, and voluntary consent to joint representation by Attorney McBride and knowingly, intelligently, and voluntarily waived any potential conflict. Furthermore, the Court is satisfied—based on the present record, the information provided by the Government and current defense counsels, and Defendants' waiver—that there are no apparent actual or potential conflicts that would prejudice one, or both, Defendants. Accordingly, the Court finds that there are no conflicts of interest under Federal Rule of Criminal Procedure 44(c) so as to disqualify Attorney McBride from joint representation of Defendants Shawndale and Donald Chilcoat in this matter.

Next, the Court turns to the issue of the trial date and trial schedule.

**II.   Trial Date**

The [1] Complaint in this case was filed on August 2022. Defendants have rejected plea offers extended by the Government, *see* Minute Order, July 28, 2023, and intend to proceed to trial.

In January 2024, the parties filed separate proposed pretrial scheduling order asking for different trial dates and trial schedules. The Government requested a trial date in April 2024. *See* ECF No. 98. Defendant Donald Chilcoat requested a trial date of July 15, 2024. *See* ECF No. 97.

5

Defendant Shawndale Chilcoat indicated that she would also prefer the July 15, 2024 trial date. *See* Minute Order, Jan. 18, 2024. After discussion with the parties and careful consideration, in order to accommodate defense counsels, the Court ordered trial to begin on Defendants' requested date of July 15, 2024. *See* Pretrial Scheduling Order, ECF No. 107.

At the hearing on April 30, 2024, the Court inquired as to the parties' positions regarding the July 15, 2024 trial date.

Attorney Lawlor, current defense counsel for Shawndale Chilcoat, indicated that he believed that he would be prepared for trial on July 15, 2024. However, he explained that his client feels otherwise, as she believes they have not adequately met to discuss the case.

Attorney McBride explained that, as intimated in an email to Chambers sent in mid-April, he is unavailable to try the case over the summer as he has preexisting family plans and vacations, among other obligations. He continued that he is still assembling a defense team, *see* ECF No. 131, and plans to add Attorney Bradford Geyer, and that he needs additional time to review discovery and adequately prepare for trial. He indicated that he would be available for trial beginning the second week of September 2024 and that he has no other conflicts in September or October 2024.

Next, the Government indicated that they are prepared to proceed to trial on July 15, 2024. They argued that as they have been asking for an earlier trial date throughout the course of this litigation and Defendants have delayed trial for various reasons, the Court should not continue the trial date any further. Additionally, Attorney Akers indicated that her detail to the U.S. Attorney's Office was extended in order to accommodate the July 15, 2024 trial date in this case, and that said detail ends at the close of the trial. She is unsure if her detail can be extended into fall 2024 and, if not, new Government counsel would have to enter the case.

Insofar as the length of trial is concerned, the Government explained that, based on review of the evidence, it is not a difficult case and that they anticipate their case-in-chief lasting approximately two days. Attorney Lawlor, current defense counsel for Shawndale Chilcoat, indicated that he has not contemplated the full contours of his case and has not identified any particular witnesses; however, he does not imagine his defense case lasting longer than one or two days. Attorney Mullin, current defense counsel for Donald Chilcoat, also indicated that she has not identified any particular witnesses, but does not imagine her defense case lasting more than a half day.

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right… to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. One component of this right "is the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (citations omitted). However, this right "is circumscribed in several important respects," *id.*, and, in particular, "must be balanced against the judicial system's interest in expeditious proceedings," *United States v. Shepherd*, 102 F.3d 558, 564 (D.C. Cir. 1996).

More specifically here, the Sixth Amendment "does not give a criminal defendant an absolute right to a continuance [of trial] to allow [the] counsel [of his choice] to prepare." *United States v. Poston*, 902 F.2d 90, 96 (D.C. Cir. 1990). "The public has a strong interest in the prompt, effective, and efficient administration of justice," and therefore "the right to counsel cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of their inherent powers to control the same." *Id.* (internal quotation marks and citations omitted).

The United States Court of Appeals for the District of Columbia Circuit has set forth

7

various factors that a trial court may consider in deciding whether to continue a trial date based on an asserted need for time for counsel to prepare more fully. These factors include:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may apply in the context of any particular case.

*United States v. Burton*, 584 F.2d 485, 490–91 (D.C. Cir. 1978). Additionally, "[w]hen the continuance is sought to retain or replace counsel, the defendant's Sixth Amendment right to assistance of counsel is implicated," and therefore this right must be "carefully balanced against the public's interest in the orderly administration of justice." *Id.* at 489. Given this unique balancing, a court, in an exercise of its discretion, may grant or deny such motions for continuance based on newly retained counsel's entering a case. *Id.* at 490.

To begin, the requested trial delay here is for legitimate reasons. As Defendant Shawndale Chilcoat explained during the April 30, 2024 hearing, Defendant Donald Chilcoat initially lost his job as a result of his participation in the January 6, 2021 insurrection but has since regained employment; accordingly, Defendants are only recently able to afford retaining their own counsel. As for that new counsel, Attorney McBride has preexisting obligations throughout the summer and would need additional time to prepare for trial. Although the case is not complex and Attorney McBride is experienced in trying January 6 cases, his appearance would necessitate a continuance. The Court finds that Defendants have not significantly contributed to the circumstances giving rise

to the request for a continuance;[2] rather, it is their desire to retain counsel instead of being represented by court-appointed counsel, combined with the retained counsel's preexisting schedule, that has given rise to the request to delay the trial.

As for the balanced convenience or inconvenience to all parties involved, the Court notes that Attorney Akers has been the sole Government counsel since the beginning of this case. Allowing Attorney McBride to enter the case as defense counsel in order to accommodate Defendants' choice of counsel may inconvenience and disadvantage the Government if Attorney Akers cannot remain on the case and new Government counsel must appear. But as for Defendants, while the Court is confident that Defendants' current counsels are competent, and they have indicated that they would be prepared to try the case on July 15, 2024, Attorney Lawlor did express pause proceeding in July, as Shawndale Chilcoat has indicated concern that she has not discussed the case enough with her counsel. Accordingly, where Defendant Shawndale Chilcoat fears a lack of readiness, moving forward in July may inconvenience her and her case—or perhaps even prejudice her, depending on the veracity of her fears—and could raise future issues should the Court maintain the July date.

Importantly, the length of the requested delay is two months—from July 15, 2024 to mid-September 2024—which is not excessive. There have not been previous motions for a continuance of the July 15, 2024 trial date.

---

[2] However, the Court does note that Defendants failed to appear in Court beginning on September 5, 2023 and were not able to be contacted by their attorneys for a period of time in September and October 2023. *See* Order, ECF No. 73. As a result, the Court issued an arrest warrant, which was executed on October 13, 2023. *See* Notice of Execution of Bench Warrants, ECF No. 80. Defendants were eventually released from detention on January 18, 2024. *See* Order, ECF No. 99. If had Defendants not committed this violation and instead remained in compliance and in the community, it may have changed their ability to retain counsel or the timing thereof, such that the present request for a later trial would not have come so close to the July 15, 2024 trial date. *Cf. United States v. Hopkins*, No. 06-227-02 (RBW), 2007 WL 9697882, at *3 (D.D.C. Aug. 1, 2007), *aff'd* 370 Fed. Appx. 122.

Finally, the Court considers Defendants' constitutional right to select their own counsel. "An accused who is financially able to retain counsel must not be deprived of the opportunity to do so," although this right to retain counsel is not absolute and is subject to the balancing of factors discussed above. *Burton*, 584 F.2d at 489. The Court will afford Defendants Shawndale and Donald Chilcoat the opportunity to retain the attorney of their choosing, as they have repeatedly requested and emphasized.

In light of the Court's analysis of the various factors enumerated above, discussion at the April 30, 2024 hearing, and in an exercise of its discretion, the Court will allow the substitution of Attorney McBride as Defendants' counsel and will continue the trial from July 15, 2024 until October 4, 2024.[3] Including voir dire and jury selection, the trial may last from October 4, 2024 to October 18, 2024. This is a firm trial date and there will be no further extensions.[4]

### III.    Conclusion

After a thorough inquiry under Federal Rule of Criminal Procedure 44(c), the Court holds that it will allow the joint representation of Attorney McBride as counsel for Defendants Shawndale and Donald Chilcoat. The Court therefore grants the [129] Motion to Withdraw by Attorneys Lawlor and Madiou and the [130] Motion to Withdraw by Attorneys Jacob and Mullin.

The Court reminds the parties of the status hearing set for May 9, 2024 at 10:30 am via Zoom videoconference. The Court will, in an Order accompanying this Memorandum Opinion, set forth the parties' obligations in advance of that hearing.

---

[3] Although Attorney McBride is available as early as the second week of September, the Court will be in trial at that time.

[4] The Court has become aware of other cases in the United States District Court for the District of Columbia in which Attorney McBride requested numerous continuances, caused otherwise unexpected and unwelcome delays, or entered and then withdrew his appearance. The Court will not tolerate this or like behavior.

                                                                                            _____

**COLLEEN KOLLAR-KOTELLY**

United States District Judge